IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REDALE BENTON-FLORES, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> LLOYD J. AUSTIN, III, *SECRETARY, DEPARTMENT OF DEFEENSE*, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-00309 (KMW-SAK) <br><br> OPINION |

**WILLIAMS, District Judge:**

   **I. INTRODUCTION**

   This matter comes before the Court on the Court's *sua sponte* screening of *pro se* Plaintiff, Redale Benton-Flores's Complaint [ECF No. 1], alleging discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964. On February 25, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis* [ECF No. 4] and the Complaint was filed against the Defendant. This Court is now required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed in its entirety for failure to state a claim. As such, Plaintiff's Motion to Appoint Pro Bono Counsel [ECF No. 5] and Plaintiff's Motion to Direct USM to Serve the Summons and Complaint [ECF No. 11][1] are dismissed as moot.

   **II. BACKGROUND**

---

[1] Federal law requires the Court to screen Plaintiff's Complaint *sua sponte* for dismissal ***prior*** to service. 28 U.S.C. § 1915(e)(2)(B) (emphasis added). As such, a summons is issued only upon the completion of the Court's screening. Because this matter is dismissed in its entirety, the summons in this matter will not be issued.

Plaintiff brings suit against Lloyd J. Austin III, Secretary of the Department of Defense Education Activity Agency (the "Agency") alleging two claims under Title VII. Both claims stem from the Agency's failure to hire Plaintiff for a school teacher position in Aomori, Japan in September of 2017.[2] Plaintiff alleges the Agency discriminated against her based on her age, race, and national origin. [ECF No. 1 at 4]. Plaintiff also alleges the Agency retaliated against her by considering her prior Equal Employment Opportunity Commission ("EEOC" or the "Commission") activity in determining not to hire her. *Id.* Plaintiff's Complaint is devoid of facts to support her claims and as such, the Court gleans what little facts it can from the EEOC's Decision on Request for Reconsideration ("EEOC Decision") attached to Plaintiff's Complaint.[3]

Plaintiff was an applicant for employment with the Agency for a high school English teacher position in Aomori, Japan. *Id*. at 8-9. On September 9, 2017, selecting officials at the Agency scheduled Plaintiff for a phone interview but a stable connection could not be made between the school in Japan and the Plaintiff in the United States, and the interview was terminated. *Id.* at 9. The Agency declined to reschedule the interview with Plaintiff and instead hired someone else who had been previously interviewed. *Id.* at 9.

On November 14, 2017, Plaintiff filed a formal complaint with the Commission alleging

---

[2] In Plaintiff's Complaint, she alleges that the Defendant retaliated and discriminated against her when they failed to "interview" her; however, it is well settled that a failure to interview claim is evaluated under the same legal standard as a failure to hire claim. *Sarmiento v. Montclair State Univ.*, 513 F. Supp. 2d 72 (D.N.J. 2007), *aff'd*, 285 F.Appx. 905 (3d Cir. 2008) (evaluating a plaintiff's failure to interview claims under the prima facie standard for discriminatory failure to hire under Title VII); *Herrington v. Crestwood Sch. Dist.*, No. 3:04-CV-1243, 2006 WL 709219 (M.D. Pa. Mar. 17, 2006) (evaluating a retaliation claim for failure to interview under the same standard as a retaliation claim based on failure to hire).

[3] Although Plaintiff's Complaint fails to satisfy even the most basic requirements set forth under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 8(a)(2) (A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."); the Court nonetheless is able to construe the nature of Plaintiff's allegations from the EEOC Decision and relies on same only for the facts contained therein. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). ("'To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'").

discrimination by the Agency on the basis of her race (black), sex (female), age (over 40), disability (vision),[4] and in reprisal for her prior EEOC activity. *Id.* at 8. After filing a formal complaint with the Commission, Plaintiff elected a hearing before an EEOC Administrative Judge ("AJ"). *Id.* at 9. During the hearing, Plaintiff asserted to the AJ that the selecting officials at the Agency were faking a bad phone connection and that she had been put on an Agency-wide "do not hire" list. *Id.* The AJ concluded that Plaintiff offered no competent evidence to support these claims and that there was no evidence that Plaintiff was treated less favorably than any of the other applicants. *Id.*

On October 22, 2019, the AJ issued a finding of no discrimination. *Id.* In March of 2021, Plaintiff requested that the EEOC reconsider its decision, but after reviewing the entire record the Commission denied Plaintiff's request and affirmed the AJ's decision. *Id.* at 8-10. Plaintiff was notified that there was no further right of administrative appeal from the decision, but Plaintiff did have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that Plaintiff received the decision. *Id.* at 10. Plaintiff timely filed her Complaint, which is now before this Court.

## III. LEGAL STANDARD

This case is subject to *sua sponte* screening by the Court because Plaintiff was granted leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §

---

[4] Noting that Plaintiff asserted discrimination based on race, sex, age, and disability in her EEOC complaint, but in the Complaint filed with this Court, she asserts discrimination based on race, age, and national origin.

1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. DISCUSSION

### A. Discrimination Claim

A plaintiff makes out a prima facie case of *discriminatory* failure to hire by showing: (1) she is a member of a protected class; (2) she was qualified for the position; (3) despite her qualifications she was rejected for the position; and (4) she was rejected for the position "under circumstances that give rise to an inference of unlawful discrimination." *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 494 (3d Cir. 1995); *see also Smith v. City of Allentown*, 589 F.3d 684, 689-90 (3d Cir. 2009) (age discrimination); *Sarullo v. Unites States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (per curiam) (race, color, religion, sex, or national origin discrimination under Title VII). In assessing whether a plaintiff establishes a prima facie case, a plaintiff must present evidence that "establishes some causal nexus between [her] membership in a protected class and the decision not to [hire her]. *Sarullo*, 352 F.3d at 798.

Plaintiff pleads that she was discriminated against because of her protected classes (race, age, and national origin), but beyond asserting these legal conclusions has not pled any facts to deduce whether the Agency filled the position in a manner giving rise to an inference of discrimination. *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 275 (3d Cir. 2010) (holding that to make out a prima facie case of discriminatory failure to hire, facts are needed to show "a causal nexus between the harm suffered and the plaintiff's membership in a protected class, from which a reasonable juror could infer, in light of common experience, that the defendant acted with discriminatory intent"). The only fact set forth in Plaintiff's Complaint is "Defendant failed to interview Plaintiff from dates October 17, 2017- present." However, the EEOC Decision explains that Plaintiff "was scheduled for a phone interview, but a stable connection could not be established" and in light of the imminent start of the upcoming school year another applicant was

5

selected. Neither the Complaint nor the EEOC Decision provide any facts from which this Court could glean a causal nexus between the Agency's decision not to hire Plaintiff and her race, age or national origin. *See Alja-lz v. U.S. Virgin Islands Dept. of Educ.*, 626 Fed. App'x 44, 47 (3d Cir. 2015) (affirming dismissal of a plaintiff's discrimination claim based on failure to hire after the plaintiff failed to plead facts that raised a reasonable expectation that the hiring department did not hire him on the improper consideration of any protected characteristic).

      **B. Retaliation Claim**

Likewise, Plaintiff's *retaliatory* failure to hire claim also fails for lack of factual content to support her claim. A plaintiff seeking to establish a prima facie case of retaliation must show: (1) that she engaged in a protected activity, (2) adverse action by the employer either after or contemporaneous with the employee's protected activity, and (3) a causal connection between the protected activity and the adverse action. *Daniels v. Sch. Dist. Of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015). To establish a causal link between the protected activity and the adverse action, a plaintiff must prove "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action or (2) a pattern of antagonism coupled with timing." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

It appears that Plaintiff claims that she was not hired because of her prior EEOC activity but has not provided any facts in her Complaint as to when her previous EEOC activity took place, whether it involved the same people or even the same employers, nor if the Agency was even aware of her prior EEOC activity. *Boykins v. SEPTA*, 722 Fed. App'x 148, 157 (3d Cir. 2018) ("A plaintiff cannot establish that there was a causal connection without some evidence that the individuals responsible for the adverse action knew of the plaintiff's protected conduct at the time they acted"). Additionally, the EEOC Decision does not provide any facts relating to any EEOC

activity undertaken by Plaintiff prior to the Agency's decision not to hire her for the teaching position in Aomori, Japan. As such, there is no factual content to determine whether any causal nexus exists at all between Plaintiff's alleged EEOC activity and the Agency's failure to hire.

Simply stated, Plaintiff has failed to plead enough factual content for the Court to even consider whether there is any causal nexus to support her claims for discrimination or retaliation. *See Twombly*, 550 U.S. at 556, 570 (A plaintiff must contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Consequently, Plaintiff has failed to state a claim under Rule 12(b)(6).

### C. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE in its entirety. The Clerk's office is further directed to close this case. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order. Furthermore, Plaintiff's Motion to Appoint Pro Bono Counsel [ECF No. 5] and Plaintiff's Motion to Direct USM to Serve the Summons and Complaint [ECF No. 11] are DISMISSED AS MOOT. An order consistent with this Opinion will be entered.

Dated:   July 22, 2022

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　KAREN M. WILLIAMS
　　　　　　　　　　　　　　　　　　United States District Judge